# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **REBECCA BUSH AND JONATHAN BUSH, CONJUGAL PARTNERSHIP** <br><br> Plaintiffs <br><br> vs. <br><br> **CARIBBEAN LUXURY RENTALS AND SALES LLC; CORPORATIONS ABC; JOHN AND JANE DOE; INSURANCE COMPANIES ABC** <br><br> Defendants | CIVIL NO: <br><br> **Subject: Personal Injury; Diversity Jury Trial** |

## COMPLAINT

COME NOW the plaintiffs, Rebecca Bush (**"Ms. Bush"**), Jonathan Bush (**"Mr. Bush"**) and their conjugal partnership, (the **"Conjugal Partnership"**) through their undersigned legal representation and respectfully **ALLEGE**, **STATE** and **PRAY**:

## I. JURISDICTION

1.      The diversity jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Section 1332(a)(1), and Article III of the Constitution of the United States, inasmuch as this is a civil action that involves an amount in controversy in excess of seventy-five thousand dollars, exclusive of interest and costs, and every issue of law and fact alleged herein is wholly between citizens of different states.

## II. PARTIES

2.      Plaintiffs Rebecca Bush, Jonathan Bush, and the Conjugal Partnership are residents of Stony Point, New York, residing at 19 Fillmore Drive, Stony Point, NY 10980.

3.      Co-defendant Caribbean Luxury Rentals and Sales LLC (**"Caribbean Luxury"**) is a limited liability company organized under the laws of Puerto Rico, with its principal place of business

1

located at Las Casas de Rio Mar #20, 6000 Rio Mar Blvd, Rio Grande, PR 00745. Upon information and belief, Caribbean Luxury owns, operates, and/or manages short-term rental vacation properties in Puerto Rico, including the property known as Villa Bello Monte, located in Río Grande, Puerto Rico ("**the Property**"). Caribbean Luxury is responsible for maintaining safe conditions on its rental premises.

4. Co-defendants Corporations ABC are unknown entities who, upon information and belief, either own, operate, or manage the Property or are otherwise liable for the conditions alleged herein. Plaintiffs will amend this Complaint to include the names of these corporations once they are ascertained.

5. Co-defendants John Doe and Jane Doe are unknown individuals who, on information and belief, were responsible for the ownership, operation, or management of the Property and/or for maintaining it in a safe condition. Plaintiffs will amend this Complaint to substitute their true names once they are ascertained.

6. Co-defendants Insurance Companies ABC are the insurers of Caribbean Luxury and/or its operators covering the Property. Their identities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to include their identities once they are ascertained.

7. All defendants are citizens of, domiciled in, and/or have their principal place of business in the Commonwealth of Puerto Rico.

### III. FACTS

8. On or about April 11, 2025, Ms. Bush, Mr. Bush, and their family were guests at the Property, a vacation rental managed and/or operated by Caribbean Luxury in Río Grande, Puerto Rico.

9. On the morning of April 12, 2025, the Property lacked running water. Ms. Bush contacted Caribbean Luxury's property management, who dispatched a representative to the Property to address the issue.

10. At approximately 1:00 p.m., while property management personnel were present at the Property, Ms. Bush walked onto the exterior deck of the Property.

11. The deck was in a state of severe disrepair, with rotted wooden planks that were structurally unsound, unstable, and dangerous. The deteriorated condition of the deck constituted a latent defect and an unreasonably dangerous condition.

12. As Ms. Bush walked on the deck, the rotted wood gave way beneath her, causing her to fall through the deck structure and sustain serious physical injuries.

13. At the time of the incident, Ms. Bush was twenty-three (23) weeks pregnant, with an expected due date of August 29, 2025. The fall occurred in the presence of Caribbean Luxury's property management representative and members of Ms. Bush's family.

14. As a direct result of the fall, Ms. Bush sustained injuries to her right knee, right wrist, upper thigh, neck, and lower back, and was exposed to the risk of harm to her unborn child.

15. Ms. Bush received emergency medical treatment at Caribbean Medical Center's Emergency Room on the same day as the accident.

16. Following her return to New York, Ms. Bush continued to receive medical treatment, including physical therapy, chiropractic care, acupuncture, pain management, orthopedic evaluation, and multiple diagnostic imaging studies.

17. Diagnostic imaging confirmed the following objective injuries: (a) low-grade ACL sprain and grade 1 proximal MCL sprain of the right knee, with effusion, patellofemoral chondromalacia, and distal quadriceps tendinosis; (b) partial thickness inferior surface tear of the central triangular fibrocartilage complex (TFCC) of the right wrist, with mild tenosynovitis; (c) lumbar

3

disc bulge at L2-3, central herniation at L3-4, and disc bulge with facet arthrosis and bilateral foraminal stenosis at L4-5; and (d) cervical spine pain with tenderness at C3-6 and limited range of motion.

18. Ms. Bush also sustained scarring and post-inflammatory hyperpigmentation of the right posterior thigh and popliteal region, requiring dermatological treatment.

19. Multiple treating physicians have opined, to a reasonable degree of medical certainty, that the April 12, 2025, incident is the competent producing cause of Ms. Bush's injuries and ongoing disability.

20. To date, Ms. Bush continues to suffer from significant physical pain, functional limitations, and emotional distress. She remains under active medical care, including pain management and orthopedic follow-up, and faces the prospect of additional injections and surgical intervention.

21. Mr. Bush has suffered a loss of consortium as a result of the injuries sustained by his wife.

22. The Conjugal Partnership has suffered financial harm as a result of medical expenses, lost earnings, and other economic losses.

## IV. CAUSES OF ACTION

**COUNT I: NEGLIGENCE**

23. Plaintiffs re-allege and incorporate all preceding paragraphs.

24. Defendants, individually and collectively, had a duty to maintain the Property, including its deck and other structures, in a reasonably safe condition and to warn invitees and guests of any dangerous conditions existing thereon.

25. Defendants breached their duty by:

a. Failing to inspect, maintain, and repair the deck, which had deteriorated to a structurally unsound condition due to wood rot.

b. Failing to warn guests of the dangerous condition of the deck.

4

c. Failing to restrict guest access to the unsafe deck pending repair.

d. Failing to conduct adequate inspections of the rental Property prior to and during guest occupancy.

e. Failing to comply with applicable building codes, safety standards, and regulations of the Commonwealth of Puerto Rico.

f. Otherwise failing to exercise the degree of care required under the circumstances and otherwise being negligent.

26. As a proximate result of Defendants' negligence, Plaintiffs have suffered the injuries and damages described herein.

## COUNT II: PREMISES LIABILITY

27. Plaintiffs re-allege and incorporate all preceding paragraphs.

28. Defendants owned, operated, or controlled the Property and had a duty to maintain safe conditions for guests and invitees, including Ms. Bush.

29. The structurally deficient and rotted deck constituted a foreseeable and unreasonably dangerous hazard. Defendants knew or should have known of this condition and failed to remedy it or to warn guests.

30. Ms. Bush's injuries were a direct and proximate result of Defendants' failure to maintain the Property in a safe condition.

## COUNT III: DIRECT ACTION AGAINST DEFENDANTS' INSURERS

31. Plaintiffs re-allege and incorporate all preceding paragraphs.

32. Pursuant to Puerto Rico's Direct-Action Statute, 26 L.P.R.A. § 2003, Plaintiffs bring this claim directly against Co-defendants Insurance Companies ABC.

33. Upon information and belief, Insurance Companies ABC issued and had in force insurance policies covering the Property and/or the acts or omissions of Defendants alleged herein, including liability for personal injuries caused by Defendants' negligence.

## V. DAMAGES

34. As a result of Defendants' negligence and the injuries described herein, Plaintiffs seek compensatory damages for the following:

a. Past and future medical expenses, including emergency care, physical therapy, chiropractic treatment, pain management, acupuncture, orthopedic treatment, imaging studies, injections, and any future surgical intervention.

b. Physical pain and suffering, past and future.

c. Emotional distress and mental anguish.

d. Permanent scarring and disfigurement.

e. Loss of enjoyment of life and disruption of daily activities.

f. Loss of consortium suffered by Mr. Bush.

g. Lost earnings and diminished earning capacity.

h. Economic losses of the Conjugal Partnership.

i. Any other damages to be proven at trial.

j. Such other and further relief as the Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

35. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand trial by jury of all issues so triable in this case.

36. To the extent Defendants deny liability for the negligent acts and omissions alleged herein, they act with obstinacy and temerity and are therefore liable for prejudgment interest and attorney's fees.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a.     Compensatory damages in an amount to be determined at trial but exceeding $75,000.00, exclusive of interests and costs.

b.     Costs of this action, including attorneys' fees.

c.     Judgment against Defendants, jointly and severally.

d.     Such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 10th day of April 2026.

**s/Rafael O. Baella-Ors**
(U.S.D.C. P.R. #219504)
Attorney for the plaintiffs
Capital Center Building I, PH-1,
Suite 1201, Ave. Arterial Hostos 239
San Juan, P.R. 00918
Tels. (787) 400-8432/787) 707-0802
Fax: (787) 680-0172
rbaella@castanerlaw.com